IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **LUIS DAVID TRAVIESO-RODRIGUEZ,** | § § § | |
| **Petitioner,** | § § § | |
| **v.** | § § | **CAUSE NO. EP-26-CV-335-KC** |
| **PAMELA J. BONDI et al.,** | § § § | |
| **Respondents.** | § § | |

## ORDER

On this day, the Court considered Luis David Travieso-Rodriguez's Petition for a Writ of Habeas Corpus, ECF No. 1. Travieso-Rodriguez is detained in the Western District of Texas. *Id.* ¶ 17. He argues that his detention is unlawful and asks the Court to order his release. *Id.* ¶¶ 44–61; *id.* at 13.

Travieso-Rodriguez is a citizen of Cuba who was paroled into the United States as a young child in April 1969. *Id.* ¶¶ 1, 21. A final order of removal was entered against him in 2003 in connection with a criminal conviction in 2000. *Id.* ¶¶ 2, 22–23. Travieso-Rodriguez was not removed but released under an order of supervision ("OSUP"). *Id.* ¶ 23. He has "complied with ICE reporting and supervision" requirements, including reporting for his routine check-in in early October 2025. *Id.* ¶ 24; *see id.* ¶ 3. And he "has had no significant criminal issues since" he was released. *See id.* ¶ 22. However, on October 27, 2025, nearly twenty-two years later, Travieso-Rodriguez was arrested by immigration authorities on his way home from work and re-detained. *Id.* ¶¶ 3, 25.

On February 4, 2026, Travieso-Rodriguez filed this Petition, challenging his continued detention on statutory and constitutional grounds, and seeking his immediate release. *Id.* ¶¶ 44–

61; *id.* at 13.  On February 5, 2026, the Court ordered Respondents to show cause why the Petition should not be granted.  Show Cause Order 3–4, ECF No. 2.  In answer to the Court's Show Cause Order, Respondents stated that they were awaiting confirmation of Travieso-Rodriguez's removal to Mexico pursuant to the Cuba, Venezuela, Nicaragua, and Haiti ("CVNH") program and/or travel documents to Cuba.  Decl. Elizabeth Urquidi ¶ 17, ECF No. 4-1.  And that Travieso-Rodriguez could be lawfully removed from Phoenix to Mexico through the CVNH program without his consent.  *Id.* ¶ 23.

Respondents were thus given until April 27 to provide a status report detailing (1) whether Travieso-Rodriguez was removed to Mexico and, if so, the date of his removal, and if not, the expected timeline for his removal to Mexico, and any obstacles; and (2) whether Travieso-Rodriguez was removed to Cuba and, if so, the date of his removal, and if not, the expected timeline for his removal to Cuba, and any obstacles.  Feb. 25, 2026, Order 2, ECF No. 5.

On March 9, 2026, Travieso-Rodriguez filed a Motion to Expedite, ECF No. 6, seeking to shorten Respondents' status report deadline, which the Court denied, *see* Mar. 10, 2026, Order, ECF No. 7.  On April 14, Travieso-Rodriguez filed an Advisory, ECF No. 8, advising the Court that he had been repeatedly and frequently transferred between detention facilities across multiple states, with no apparent progress towards his removal.

Respondents now inform the Court that Travieso-Rodriguez has not been removed to Mexico or Cuba.  Resp. 1, ECF No. 9.  Cuba denied Travieso-Rodriguez's travel document request, and thus "removal to Cuba is not possible at this time."  Decl. Michael Avalos ¶¶ 5–6, ECF No. 9-1.  And, although "[r]emoval to Mexico is anticipated within approximately [fifteen] days," this is "depend[ent] on [Travieso-Rodriguez's] compliance."  Resp. 1.  However,

Travieso-Rodriguez has not consented to be removed to Mexico, as Respondents identify

"refusal to sign removal documents" as an obstacle to Travieso-Rodriguez's removal to Mexico.

Decl. Michael Avalos ¶ 7, ECF No. 9-1.  Moreover, Respondents have been aware of Travieso-

Rodriguez's refusal to consent since at least December 2025.  *See* Decl. Elizabeth Urquidi ¶ 14.

And the Court takes judicial notice, on the basis of Respondents' representations in other habeas

proceedings in this Court, that they cannot remove Travieso-Rodriguez to Mexico under the

CVNH program without his consent.

In sum, Travieso-Rodriguez cannot be removed to Cuba, nor can he be removed Mexico

without his consent, which he has refused to give.  Travieso-Rodriguez has now been detained

for just over six months.  And Respondents have not even identified another third country for

removal, let alone taken any concrete steps to obtain travel documents from that country on

Travieso-Rodriguez's behalf.  *See generally* Resp.  Respondents do not even claim that they are

working to identify third countries for Travieso-Rodriguez's removal.  *See generally id.*  Instead,

they offer a disingenuous fifteen-day timeline for Travieso-Rodriguez's removal to Mexico,

which they are aware is dependent on consent that he has consistently declined to give.  *See id.* at

1.  Respondents do not describe any steps they have taken or plan to take to effectuate Travieso-

Rodriguez's removal to a country other than Cuba or Mexico, since Cuba declined to accept him

and he has refused to consent to be removed to Mexico.  *See generally id.*

Therefore, the Court finds that Travieso-Rodriguez has carried his initial burden of

demonstrating that his removal is not significantly likely to occur in the reasonably foreseeable

future, and that Respondents have failed to carry their corresponding burden of showing that it is.

*See Zadvydas*, 533 U.S. at 689–90.  In short, *Zadvydas* prohibits indefinite post-removal order

detention.  Because Respondents continue to hold Travieso-Rodriguez in detention, despite

taking no concrete steps to find a country that will take him, his ongoing detention is indefinite, and thus, prohibited.  *See id.*; *see, e.g. Trejo v. Warden of ERO El Paso East Montana*, --- F. Supp. 3d ----, 2025 WL 2992187, at *5–6 (W.D. Tex. Oct. 24, 2025); *Araya Mogos v. Thompson*, No. 5:26-cv-740-JKP, 2026 WL 475079, at *6 (W.D. Tex. Feb. 13, 2026).

Accordingly, the Petition is **GRANTED IN PART**.  *See id.*  The Court **ORDERS** that Respondents shall **RELEASE** Travieso-Rodriguez from custody, under reasonable conditions of supervision, **by no later than May 6, 2026**.

**IT IS FURTHER ORDERED** that, **on or before May 6, 2026**, Respondents shall **FILE** notice informing the Court whether Travieso-Rodriguez has been released from custody in compliance with this Order.

**Barring exceptional circumstances, there will be no extensions of the May 6, 2026, deadlines.**

**SO ORDERED**.

**SIGNED this 29th day of April, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

4